Jacob Marty, Appellant, vs. John N. Ahl and Nicholas Ahl, Respondents.

APPEAL FROM AN ORDER OF THE DISTRICT COURT OF WASHINGTON COUNTY.

An order to show cause, under Sec. 17, Chap. 72, Stat. of Minn., p. 627, is only to shorten the time for hearing, a motion, and still leaves it necessary that the Court should appoint the place of hearing if the motion is not for a regularly appointed term.

An order to show cause may refer to a notice of motion, and command the party to show cause why the motion should not be heard at the time and place mentioned therein; the better practice,

however, is, that the order should contain all the requisites of the notice, and take the place of it altogether. The Judge may fix the time he will hear the motion, and also appoint the place, in one and the same order, or in two, as he may see fit, but in either case he acts as *Judge* and not as the *Court in vacation.* The order might be made in any part of the State. And the fact that the words "By the Court" were appended to it, before the signature of the Judge, will not change a *chamber order* into an order of the Court.

The designation of an appointment of the Judge for the purpose of hearing a motion, as a "Special Term," will not take from or add to his powers at the place appointed.

To justify a total disregard of a motion or any proceeding, by suffering a default to be taken, the irregularity in the motion or proceeding must be very patent and substantial. An attorney for the opposing party may not attend at the time and place appointed, hear the papers read and the motion made, and remain silent, merely because there was a discrepancy in the time appointed, caused by a clerical error explained by the papers themselves.

A Defendant obtained an order of Court vacating a judgment which was over a year old, and allowing him to answer. The Court afterwards vacated the order, thereby restoring the judgment. The last order is appealable, as it prevented a judgment from which an appeal might be taken, by restoring the old judgment from which no appeal could be taken by reason of the lapse of time.

Points and authorities of Appellant:

*First.*—The order appealed from is appealable under *Subd.* 3, *Sec.* 11, *p.* 621 *Comp. Stat.*

Under the order made by Judge Vanderburgh, the Defendant had at the time of making the order appealed from, the right to answer and defend the action and have the cause tried on its merits. His right was a definite, fixed, legal right, of which the order appealed from deprived him. It therefore " involved the merits or some part thereof." 4 *How. Pr. Rep.* 313, *Whitney vs. Whitney;* 7 *do* 78, *Barbans vs. Tibbetts;* 8 *Barb. Rep.* 81, *Creegar vs. Douglass;* 8 *How. Pr. Rep.* 193, *Otis vs. Ross;* 1 *E. D. Smith Rep.* 357, *cited in* 5 *Ed. Vorhees N. Y. Code* 493 *note;* 9 *How. Pr. Rep.* 460, *Margnat vs. Malvey.*

*Second.*—The order is also appealable under *Sub.* 5 *of same Sec.* No appeal could be taken from the judgment already entered, for the time to appeal had passed. Had Defendant been allowed to retain his right to defend under the order vacated, a judgment would have been rendered from which an appeal might be taken. But this order put an end to the defence and this " in effect determines the action and prevents a judgment from which an appeal might be taken."

*Third.*—The only question in this case is whether Judge Vanderburgh had jurisdiction to make the order vacated. Any error in making those orders could be reviewed only on appeal to this Court, from such orders.

*Fourth.*—In making the orders, Judge Vanderburgh acted as Judge of the 1st District, under *Sec.* 5, *Art.* 6 *of the Consti-*

*tution; Sec.* 50, *p.* 485 *Comp. Statutes, and Chap.* 37, *p.* 194 *Sess. Laws of* 1860. By those sections the Judge of each District is clothed with jurisdiction as Judge of each and every District in the State, such jurisdiction to be exercised as provided by law. Of the convenience or public interest mentioned in the statute, he is necessarily the sole and exclusive Judge.

*Fifth.*—An order made out of Court without notice may be made by any Judge of a District at any place in the State. *See Session Laws* 1860, *Chap.* 37, (*page* 194.)

*Out of Court* in the statute means *out of term.* The provision is for the convenience of parties. And the test is therefore, not whether the order is technically an order at Chambers or by the Court in vacation, but whether it must be made on notice, that is whether the presence of the adverse party is required on the application.

*Sixth.*—Admitting that the order to show cause was an order *by the Court* in vacation, Judge Vanderburgh had jurisdiction to make it.

*Seventh.*—But a *Judge* may make an order to show cause before the Court, (*Sec.* 17, *p.* 627, *Comp. Statutes*) or appoint a day for the hearing of an application to the *Court in vacation. Secs.* 43–4, *p.* 562, *Comp. Stats.*

*Eighth.*—The words "By the Court" appended to the order to show cause, do not, admitting that the Court in vacation cannot make an order out of the District, vitiate it. It may, notwithstanding, be treated as a Chamber order, if necessary to its validity. It is the character of the order, and not the phraseology of it, which determines the jurisdiction. If necessary to the validity of the order, the words "By the Court" will be treated as surplusage. *See Broom's Legal Maxims,* 486 *and* 490.

*Ninth.*—The Court erred on the motion to vacate in considering that the copy of order to show cause served on Plaintiffs' attorneys, read "ten o'clock" instead of "one o'clock," according to the original.

*Tenth.*—Judge Vanderburgh, as the Court in vacation, had jurisdiction to make the order allowing Defendant to answer.

1. The order to show cause may be deemed an appointment

of a special term under *Section* 44, *page* 562, *Comp. Statutes.* The provisions of *Sec.* 19, *p.* 479, refer to special jury terms, and not to terms for hearing motions.

2. The order to show cause was good, as an appointment of the time of hearing, under *Sec.* 44, *page* 562, *Comp. Statutes*, and being served with the notice of motion, gave Judge Vanderburgh as the Court in vacation the right to hear the motion, under *Sec.* 44, above, and *Secs.* 45–6.

3. The motion was also properly before the Court under *Sec.* 17, *page* 627, *Comp. Statutes*, on the order to show cause.

4. If a special term under *Sec.* 44 above, could not be appointed to hear one specified motion, the words in the order to show cause "At a special term to be holden thereof for the purpose of hearing said motion," as they do not assume that there was any other special term than could be thus appointed, could not mislead, and are therefore mere surplusage, and the order stands as an order to appear before the Court, or as an appointment of the time, &c. *Broom's Legal Maxims before cited.*

Points and authorities of Respondent:

*First.*—This Court has no jurisdiction of this action. That no appeal lies to the Supreme Court from an order of a District Court granting or refusing a motion to set aside proceedings for irregularity.

*Second.*—Appeal is a proceeding unknown to the common law, and lies only where it is given by statute.

*Third.*—The Statutes of Minnesota have not given an appeal to the Supreme Court from an order of a District Court setting aside or refusing to set aside any proceedings for irregularity.

*Fourth.*—The question whether or not his Honor, Judge Vanderburgh, had jurisdiction to make the orders vacated by the order of the Court below of date October 24th, 1860, is not the *only* question, or *the* question here.

*Fifth.*—Neither writ of error or appeal would lie to bring before this Court for review either of the orders made by Judge Vanderburg, whether regularly or irregularly, properly or improperly made, whether with or without jurisdiction, such orders not being appealable.

*Sixth.*—The order of the Court below, of date October 24th, 1860, was granted for irregularity solely, and if this Court were to review that order it would be to examine into the proceedings before Judge Vanderburgh, as to their regularity. The review *must* be of the proceedings in the case had in the Court below at the October special term, and the order thereupon made, and not of the proceedings had before Judge Vanderburgh. Though, should this Court entertain this appeal it might and would be proper for this Court to pass upon the *fact* of the want of jurisdiction of Judge Vanderburgh or any other Judge, or any Court, to set aside the Judgment entered in this action, May 21st, 1859, after the expiration of one year from the entry thereof.

*Seventh.*—That neither the Court below or the said Judge Vanderburgh had any jurisdiction to open the said judgment entered May 21st, 1859, or to let the Defendant (Appellant) in to answer, nor either to entertain any motion for that purpose, on or after the 14th day of August, 1860.

*Eighth.*—The Court below, either in term or in vacation, may make an order to show cause returnable before the *Court* either in term or vacation, but a *Judge* out of Court, that is, a *Judge* of the District Court at chambers, cannot make a valid order returnable before the *Court*. A *Judge* may make an order returnable before *himself*, but not before the *Court*.

*Ninth.*—The *Court*, whether in term or vacation, and the *Judge* at Chambers or out of Court, are two distinct tribunals; the one has general jurisdiction, the other is an officer of limited and special jurisdiction, and has no authority other than that which is expressly conferred upon him.

*Tenth.*—That the supposed order to show cause, dated August 14th, 1860, and signed by Judge Vanderburgh, was never brought on for hearing, either before the Court below or before Judge Vanderburgh.

*Eleventh.*—That each and every proceeding and order had or made in this action before or by his Honor, Judge Vanderburgh, were without jurisdiction, unauthorized in the law, irregular and void, for the reasons specified in the notice of motion on which the said order of October 24th, 1860, was

founded, to which reference is here made for greater particularity.

*Twelfth.*—That the order of the Court below, of date October 24th, 1860, made in this action, was not and is not an appealable order.

J. & C. D. GILFILLAN, Counsel for Appellants.

W. H. BURT, Counsel for Respondent.

*By the Court*—FLANDRAU, J. A brief statement of the facts in this case is essential to the clear discussion of the points involved. A judgment was obtained by the Plaintiffs against the Defendants in the county of Washington, 1st District, on the 21st day of May, 1859. On the 14th day of August, 1860, more than a year after the entry of the judgment, the Defendant desiring to open the same and be let in to answer, prepared a set of papers for a motion to that end, and then made an application to Judge Vanderburgh, of the 4th District, for an order to show cause why the motion should not be heard on the 25th day of August, 1860. At this point in the proceedings we will examine the power of Judge Vanderburgh to act; the proper course to be taken in such cases, and at the same time consider the action that he did take in the matter.

The application was *ex parte*, and called for the granting of a mere chamber order in any aspect of the case. If the Defendant meant to make a motion in the regular way on sufficient notice, then all the Judge could have done, would have been to make an order appointing a time for hearing it at the place mentioned in the notice under *Sec. 44 of Ch. 61, Comp. Stats., p.* 562. If the moving party had desired for any reason to have the motion heard on less than the regular notice, his application should have been for an order to show cause why it should not be heard at a certain time less than the eight days required by statute, which order would have been made under *Sec. 17 of Chap. 72, Comp. Stats., p.* 627; but such an order is only to shorten the time, and still leaves it necessary that the Court should appoint the place of hearing, if the motion is not for a regularly appointed term. The ap-

pointment of a time and place of hearing by the Judge, is essential to the protection of the opposing party, as otherwise he could be called away by the notice of the mover without any certainty of finding the Judge, who would not have heard of the motion, and might be absent.

There can be no doubt that an order to show cause may refer to the notice of motion and command the party to show cause why the motion should not be heard at the time and place mentioned therein, it being less than eight days, and by such a method fix the time and place as well as by any other. The better practice, however, is, that the order should contain all the requisites of the notice, and take the place of it altogether; or that the moving papers should contain all the facts, grounds of motion, papers to be read, &c., sufficient to put the opposing party in possession of the character and object of the motion in order that he may prepare to meet it. The great object is to convey the information to the party, not that it shall be stated in any particular paper served in the motion. There can be no doubt that the Judge may fix the time he will hear a motion, and also appoint the place in one and the same order, or in two, as he may see fit, and that in either case it is merely the exercise of a chamber power; or in other words he acts as *Judge*, and not as the *Court in vacation*. *Gere vs. Weed & Avery*, 3 *Minn. R.* 352; *Pulver vs. Grooves*, *Ib.* 359. The Judge had power to make any order that was necessary on the application in any part of the State. *Comp. Stats. p.* 627, *as amended by laws of* 1860, *p.* 194–5.

We will now see what the Judge did do on the application of the Defendant, and probably the order he made can best speak for itself; it is as follows:

"Upon reading the affidavit of Jacob Marty, Defendant, and Isaac Van Vleck, Esq., upon motion of J. & C. D. Gilfillan, Attorneys for Defendant, it is ordered that the Plaintiff in this action show cause on the 25th day of August, 1860, at 1 o'clock P. M., at the Clerk's office in Stillwater, in said county, before this Court at a special term to be holden thereof for the purpose of hearing said motion, and of any motion made to set aside said judgment, why the judgment entered in this action shall not be set aside, and the Defendant allowed to

serve an answer to the complaint therein, said motion to be made upon the ground of no notice of the application for the entry of said judgment, and for the reasons set forth in said affidavits, and the same based upon said affidavits and the records in said case on file, which shall be read on the hearing thereof."

"By the Court, Chas. E. Vanderburgh, Judge 4th Jud. Dist., Minn., acting for Judge 1st Jud. Dist. August 14th, 1860."

This order does not perform the office of an ordinary order to show cause under *Sec.* 17, *p.* 627, *Comp. Statutes*, because the time is not shortened for the hearing of the motion, the order giving full ten days notice ; the party could have moved his motion for the same day without the order so far as the time was concerned. It does, however, appoint the place of hearing, and set a particular day on which the Court will be there to hear it, and in this particular it supplies the requirements of *Sec.* 44. *p.* 562, *Comp. Stats.* It is objected that it states that a special term will be held, when there was no special term there at the time. There is no force in this point at all. The purpose of such an order is to indicate to the attorney that he will find the Judge at a certain place, and time, ready to hear the motion, and nothing more or less ; this is plainly expressed in the order. By what particular name soever the Judge was disposed to designate his visit to the place, neither took from or added to his powers when there, nor was it at all calculated to mislead the opposing party.

It is also objected that as the Judge placed at the foot of the order, the words, "By the Court," he thereby made it an order of the *Court* as distinguished from a *chamber order*, and as he signed it out of his District (he then acting as Judge of the 1st,) it is void. It is unnecessary to say whether or not a Judge of the District Court can or cannot act *as the Court* out of his own district; suffice it to say that what is from its subject matter a chamber order, cannot be made an order of the Court by simply calling it so, any more than the Judge could turn his appointment at the Clerk's office in Stillwater into a special term by the same process. The classification of orders must always be made upon their subject matter, and not

upon the name by which a Judge, attorney or other officer may have designated them.    It was a chamber order and could be made nothing else.

The attorney for the Defendant made a mistake in copying the order, and in the copy served he stated the hour of hearing the motion to be 10 A. M. instead of 1 P. M., as in the original. But he also served a regular notice for the same motion, to be heard at the same place at 1 P. M. of the same day.    As we have said before, when a motion is brought on for hearing on an order to show cause, no further notice is necessary if the order contains the requisites of a notice, but the service of a notice could do no possible harm if both were to obtain the same end.    The copy served is of course the guide for the opposing attorney, as he has no knowledge of the proceeding except such as he derives from the papers served upon him. When the Plaintiffs' attorney received the order to show cause for ten o'clock A. M., and the notice for the same motion at 1 P. M. of the same day, he perhaps had the right to regard the order as the only proceeding that he was bound to notice, as that fixed the time and place for the hearing under *Sec. 44, p. 562 of the Compiled Statutes*, but he must have been aware from the contents of the papers that the whole matter was designed for one motion, and that the discrepancy in time was the result of a mistake.    If he concluded not to respond to the motion referred to in the notice (regarding it as two applications) because in that case no time had been fixed by the Judge, it would have been good practice to have returned the notice with his objections, *Smith vs. Mulliken*, 2 *Minn. R.* 319; but it cannot be admitted for a moment that under such circumstances the attorney can attend at the time and place, hear the papers all read, and the motion made, and remain silent.    It was his duty, if present, to call the attention of the Court to the error and make his objection ; a due regard to fairness in practice demands such a course.    It is unnecessary to decide the point whether the Plaintiffs' counsel might have retained the papers and disregarded the notice entirely by not attending, as he did not pursue that course ; it would have been close practice even in that case, considering all the facts.    To justify the total disregarding of a motion, or any proceeding

by suffering a default to be taken, the irregularity must be very patent and substantial. We think the Judge erred in setting aside the orders made on the 14th of August and the 8th of September, 1860. We will not look into the merits of the motion to open the judgment; the question of the regularity of the proceedings below is all that is involved in the appeal.

We think the order of the Judge of the 1st District which set aside the orders of the 14th August and the 8th September is appealable under *subdivision five of Sec.* 11, *p.* 622 *of the Comp. Statutes.* The Defendant had broken up the judgment and opened the action for litigation by the order of September 8th. When that order was set aside, the judgment was restored to the condition it occupied before the motion of the Defendant; the effect of the order, therefore, of October 24, was to determine the action at once, and prevent such a judgment being entered as would have been had it proceeded to judgment in due course of trial, or in other words it prevented a judgment from which an appeal might be taken by restoring one more than a year old.

The order of October 24 is reversed.