**UNITED STATES of America, Appellee,**

v.

**John Wayne PRICE, Appellant.**

**No. 72-1001.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1972.

Decided Aug. 4, 1972.

Rehearing Denied Aug. 28, 1972.

Murry L. Randall, St. Louis, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., David L. Norman, Asst. Atty. Gen., Carlton R. Stoiber, Atty., U. S. Dept. of Justice, Washington, D. C., for appellee.

# 1218

Before LAY and BRIGHT, Circuit Judges, and DEVITT, District Judge.

LAY, Circuit Judge.

Defendant appeals his conviction under 18 U.S.C.A. § 245.[1] He alleges three grounds of error on appeal: (1) insufficient evidence to show intent to violate the statute; (2) evidentiary impropriety in allowing an F.B.I. agent to read to the jury the report of his interview with the defendant Price, and (3) the failure of the trial court to conduct a hearing as to the allegation of a biased juror before overruling Price's motion for acquittal notwithstanding the verdict, or in the alternative for a new trial. We affirm the conviction.

■■ On Memorial Day weekend in 1971, George W. Smith, a Negro resident of St. Louis, Missouri, traveled to Lake Clearwater, Missouri, accompanied by his date and other friends. He intended to enjoy the government's recreational facilities available there. When Smith drove to the swimming area, he and his companions were confronted by the defendant and another individual, Gary James Seal. The government's evidence showed that during the course of events defendant directed several vulgar expletives containing direct racial slurs at Smith and his friends. The defendant Price blocked Smith's access to his path of travel and proceeded to knock him to the ground, severely beating him and rendering him unconscious. Defendant then threw Smith into the lake and left the area. The incident was subsequently reported to law enforcement officers after which Smith and his companions returned home. Upon review of the record we find overwhelming evidence of defendant's intent to prevent Smith and his companions from using the federal recreational facilities. Defendant alleges that the fight may have been provoked because Mr. Smith was a Negro but that it would have happened anywhere; that the altercation only incidentally occurred on federal property; and that there was no showing that Price intended to deprive Smith of the use of the recreational facilities. We find this to be a frivolous contention. As the trial court instructed the jury, "a person intends the natural and probable consequences of acts knowingly done or knowingly omitted." Under the evidence of the case it was for the jury to infer that the defendant intended to intimidate Smith and interfere with his use of the governmental facilities at Lake Clearwater. Here the circumstances under which defendant assaulted Smith were fully known to him and it is clear that the natural and probable consequences of his acts were to prevent Smith from enjoying the recreational facilities.

■■ During the course of the trial the government called an F.B.I. witness who testified as to a statement taken from the defendant at the time of his arrest. Objection was made to the statement. The trial court held a hearing on a motion to suppress. However, the only objection raised at that time was that the statement was not voluntary. No objection was thereafter made as to the reading of the statement by the witness. No citation is needed to

---

1. Section 245 reads in part:
   "(b) Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—
   (1) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from—

   .  .  .  .  .

   (B) participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States;

   .  .  .  .  .

   shall be fined not more than $1,000, or imprisoned not more than one year, or both; and if bodily injury results shall be fined not more than $10,000, or imprisoned not more than ten years, or both; and if death results shall be subject to imprisonment for any term of years or for life."

remind counsel that he must raise objections in the trial court first. The appellate court will not entertain such objection on appeal for the first time. Nor can we say that such objection in this case comes within the plain error rule.

■ After verdict the defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial. Attached to his motion were affidavits by his attorney and another affiant which related that in August 1971 Price and a juror who sat on the present trial, R. A. Nesselrodt, had previously met and had engaged in a disagreement at a tavern. The date of the trial was November 1971. It is alleged that the juror Nesselrodt had been drinking on the August day in question and had come over and sat down at a table where Price was sitting. It is alleged that Price finally had to get the manager of the tavern to get Nesselrodt to leave the table. During voir dire the defendant did not recall Nesselrodt as being a person that he recognized. Defendant alleges because of Nesselrodt's service on the jury that he was entitled to a new trial and that the court erred in failing to hold a hearing on defendant's motion. The court, without a hearing, entered an order overruling the motion on November 19, 1971. We find no merit to defendant's claim. Under the circumstances presented defendant was not entitled to an oral hearing on his motion for new trial. The defendant fails to point out that he in any way requested a hearing on the motion.[2] Furthermore, the defendant has failed to demonstrate that he has been prejudiced. There is no showing here that the juror Nesselrodt in any way recalled the defendant or deliberately misled counsel on voir dire. On the basis of the present record, "without making further effort to show

probable prejudice . . . we are left to the realm of speculation." DeRosier v. United States, 407 F.2d 959 (8 Cir. 1969).

Judgment affirmed.

2. Defendant overlooks the local rules of practice in the Eastern District of Missouri which require all parties desiring an oral hearing on any motion to request the same; the rules make clear that without such a request the court will rule on the basis of the pleadings and affidavits before it. Rule VII [c] (1), United States District Court for the Eastern Judicial District of Missouri, effective December 1, 1970. See also Rule 78, Fed.R.Civ.P.