Sherman **BOLDEN**, Movant, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 35068.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 30, 1973.

Donald L. Schmidt, Legal Aid Society, St. Louis, for appellant.

J. Brendan Ryan, Cir. Atty., Nels C. Moss, Jr., Asst. Cir. Atty., St. Louis, John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Judge.

Movant appeals from an order denying his motion to vacate a judgment and sentence. We find no merit in the points relied on and affirm.

Movant was found guilty of first degree robbery and sentenced to 16 years imprisonment. The conviction was affirmed, State v. Bolden, 473 S.W.2d 355 (Mo. 1971).

The first alleged error is that movant was not accorded allocution, and if accorded allocution he would have been able to show legal cause why his sentence should be reduced. This is based on his contention that an accomplice pleaded guilty to the same offense and received a sentence of only seven years imprisonment. Movant contends that to impose a higher sentence is to punish him for pleading not guilty. There can be no complaint of excessive punishment pursuant to a jury verdict when, as here, it is within the limits provided by law. Shields v. State, 491 S.W.2d 6 (Mo.App.1973).

The alleged failure to grant allocution occurred when the judge said, "At this time, gentlemen, I am overruling your motion for a new trial. Is there any legal reason why sentence and judgment of this court should not now be pronounced and imposed against this man, gentlemen?" The question was asked in the presence of movant and his two attorneys, one of whom answered, "No legal reason, your honor," whereupon the judge asked that the record show allocation had been granted and imposed sentence.

Movant contends Rule 27.09 V.A.M.R., requires that he be asked whether he has any legal cause to show why judgment and sentence should not be pronounced against him and that since only his attorneys were asked, the sentence must be vacated. Where a defendant has been heard on his motion for a new trial failure to grant allocution is not error. Rule 27.10.

The second error alleged is ineffectiveness of counsel. We may grant relief on such a claim only if the representation has been so woefully inadequate as to deny the defendant a fair trial. Hall v. State, 496 S.W.2d 300 [1–3] (Mo.App. 1973). Two examples of alleged ineffectiveness are claimed. The first is the failure of defense counsel to request a mistrial after the admission of certain testimony. Counsel did, however, request that the jury disregard the testimony and the trial court so ordered. The second example is an instruction requested by defense counsel stating circumstances under which the jury could find movant not guilty. Movant now contends the instruction hypothesized facts not supported by the evidence but we note the instruction was based on movant's own theory of defense.

Movant has not sustained his burden of showing he did not have a fair trial. We believe the trial court's finding that there was no ineffective assistance of counsel is not clearly erroneous. To the contrary, it appears movant was effectively represented by capable counsel.

Judgment affirmed.

SMITH, P. J., concurs.

McMILLIAN, J., concurs in separate opinion.

McMILLIAN, Judge (concurring).

I concur in the result.

But, would urge my brethren to adopt the ABA Standards, Appellate Review of Sentences (Approved Draft, 1968). To me to uphold a sentence simply because it fell within the limits provided by law is a disservice to the accused, the public, correctional administrators, and to ourselves. To discharge our awesome responsibility in such a baneful fashion makes us mere rubber stamps for trial courts.

The President's Commission on Law Enforcement and Administration of Justice, Task Force Report: The Courts 25–26 (1967) reported:

"One of the most serious aspects of the disparity problem is the imposition of sentences which are grossly excessive.
. . .

"The most important contribution of appellate review is the opportunity it provides for the correction of grossly excessive sentences. Although appellate review will not totally eliminate the problem of disparity of sentences, by reducing the peaks or disparity, it would narrow the range in which individual differences among judges can affect the length and type of sentences.

"Moreover, *appellate review aids the development of a uniform sentencing policy* within a jurisdiction. It tends *to cause both trial and appellate courts to give sustained consideration to the justification for particular sentences.* And the opinions of appellate courts in modifying excessive sentences *can provide a body of law to guide trial courts* in all cases." (Emphasis added.)

The two major objections to appellate review of sentences stem from a matter of principle on the one hand and a practical point on the other. On principle, it is argued that sentencing is a discretionary matter involving a judgment, not a question of law such as appellate courts are used to handling. In practice, permitting review of sentences would inundate appellate courts with frivolous appeals caused by the fact that the defendant would have nothing to lose.

Neither objection is a valid basis for denying a review of the sentence. The books are replete with cases where we review the exercise of discretion by trial courts. But more important, Congressman Celler has well put the answer to the "opening of the flood gate objection" based upon the burden that review would place upon our ap-

pellate courts. "Objections on that basis," he has observed, "completely evades the issue of whether an appeal procedure is needed to insure the quality of justice that should characterize our courts." Appellate Review of Sentences, a Symposium at the Judicial Conference of the United States Courts of Appeal for the Second Circuit, 32 F.R.D. 249, 309 (1962). Here, the accomplice was sentenced to seven years, and the defendant who stood trial was sentenced to sixteen years for the same offense. As former Senator Paul Douglas (Dem. Illinois) said, "The facts are not nearly as important as the person believes them to be."

While there may have been justification for the sentence imposed, the defendant, under the circumstances in evidence, will be hard pressed to believe that he was not discriminated against simply because he insisted upon his innocence and demanded trial.