**STATE of Missouri, Respondent,**

v.

**Freddie DAVIS, Appellant.**

**No. KCD 29187.**

Missouri Court of Appeals,
Western District.

April 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1979.

Application to Transfer Denied
Sept. 11, 1979.

Kenneth I. Grissinger, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

PER CURIAM.

Direct appeal from jury conviction for sale of Schedule I controlled substance. Jury imposed sentence of five years. Motion for new trial timely filed and overruled.

Although not required to do so, the court has gleaned the briefs and the record for determination of the alleged errors and their alleged relationship to actions and rulings by the trier of fact.

Appellant first alleges that preaccusation delay was so prejudicial that the case should be dismissed outright.

Appellant was charged with the sale of a Schedule I controlled substance (marihuana) February 23, 1976 under an information executed in Lafayette County. The information charged the offense occurred on or about the 30th day of August, 1975, or roughly six months prior to the date of execution of the information. Said sale, it was alleged, was from appellant to Kent McGregor.

On July 22, 1976, appellant filed a motion to dismiss the charge on the ground that the information had not been timely filed. He alleged violation of his rights under the Sixth Amendment to the United States Constitution. Evidence and argument were received by the court and the motion overruled.

On August 26, 1976, appellant filed a request for discovery. On the same date, appellant filed a motion for evidentiary hearing. His motion for the hearing was sustained and the hearing was conducted September 3, 1976.

The hearing established that the undercover agent, Kent McGregor, had been in Lafayette County investigating illicit drug traffic. He investigated appellant and others. The officer used his real name. It was contended by appellant that the officer was never told not to use his real identity, but the evidence showed his true identity as a law enforcement official, of course, was known only to authorities. After investigating appellant, Officer McGregor was available for trial. The sheriff received the investigation report approximately one week after the investigation. This was turned over to the prosecutor some six months later. Two days following that step, the information was filed.

As near as the court can determine from the briefs and argument, the identity of Kent McGregor and the failure of the Sheriff of Lafayette County to present information to the prosecutor of Lafayette County for six months, allegedly prejudiced appellant's rights to a fair trial.

The evidence established an ongoing general investigation of illicit drug activities in Lafayette County before, during and subsequent to the time of the charge being made against appellant. While the point raised by appellant is not unique, it can be said it has caused diverse expression by the federal courts and numerous other state courts.

This question was earlier addressed by the United States Supreme Court in the case of *U. S. v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In addressing the question, the United States Supreme Court set forth a conjunctive test to be applied. The court, after first holding that the Sixth Amendment to the United States Constitution was not applicable to pre-accusation delay and that as a general rule, the statute of limitations provides safeguards against possible prejudice resulting from preaccusation delay, went on to say that the question is really one of due process, ". . . [t]hus the government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused."

Our own courts were confronted with this issue and relied upon *U. S. v. Marion, supra*, in denying relief to the appellant in *State v. Thomas*, 529 S.W.2d 379 (Mo.1975). While *State v. Thomas, supra*, can be distinguished from the case herein because in *State v. Thomas, supra*, the parties stipulated the delay was not an intentional device to gain a tactical advantage by the prosecution, that case, as does the case herein, included the claim of the loss of an exculpatory witness occasioned by the delay. Our State Supreme Court, without making specific reference to the alleged loss of an exculpatory witness, concluded under the circumstances the accused suffered no actual prejudice. The case herein is within *State v. Thomas, supra*. In addition, a similar contention such as that raised by appellant herein, came before the United States Supreme Court in the case of *U. S. v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). The issue was discussed

in full. From that decision came the guidelines which are decisive of appellant's contention. The Supreme Court held:

(a) ". . . statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide 'the primary guarantee, against bringing overly stale criminal charges.' (citations omitted) . . 'statute of limitations does not fully define [defendants'] rights with respect to the events occurring prior to indictment,' (citations omitted) and . . . the Due Process Clause has a limited role to play in protecting against oppressive delay." loc. cit. 97 S.Ct. 2048

(b) ". . . proof of prejudice is generally a necessary but not sufficient element of a due process claim (concerning preindictment delay), and . . . the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." loc. cit. 2049

(c) "In our view, investigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused,' . . . to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." loc. cit. 2051–2052

(d) ". . . the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment." loc. cit. 2049

(e) ". . . prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt." loc. cit. 2049

■ Under the test applied from *U. S. v. Marion, State v. Thomas* and *U. S. v. Lovasco, supra*, the evidence herein fails to establish that the rights of appellant were prejudiced or that the alleged delay was accomplished so the state might gain a tactical advantage. Appellant's first point is ruled against appellant.

■ Appellant raises as his second point of error that the court erred in allowing the chemist to testify. The evidence establishes that appellant, through counsel, had reviewed the records of the chemist, who was a witness for the state. The information was known and was already in evidence. When the actual records of the chemist had not been produced at the time of the trial, appellant requested a recess to secure the records by subpoena. The court denied the request. This denial was within the discretion of the trial court. The appellant, prosecution, the court and jury knew what the information was because it was in evidence. There was no surprise as to appellant, and the failure to produce the actual records, permission to allow the chemist to testify and the denial of the recess to subpoena the records did not amount to more than mere trial error, if anything, and appellant was not prejudiced thereby. Point II is ruled against appellant.

As to the third point, appellant alleged that it was error to allow testimony alluding to matters outside the scope of August 30, 1975, both in direct testimony and closing argument.

■ Three pertinent aspects of the evidence relate to appellant's third point. These are appellant's opening statement, testimony of the sheriff and closing argument by the prosecution.

A supplemental transcript was filed with this court, which contained appellant's opening statement. In summary, that statement alluded to the five and one-half month delay in filing the charges. At the same time, reference was made that appellant's case ". . . was marked for continued investigation two days after the alleged occurrence and the evidence will be that five months or more, or even for a period of one full year, which today is almost an anniversary date . . . that nothing from any investigation from the

time they decided not to do anything up until the present time were they able to turn up one iota of information against this person."

Hence the door was opened by the appellant.

The Sheriff testified to an ongoing investigation. He was asked the following question by the prosecutor:

"Q. Well, subsequent to the 30th day of August of 1975, did you receive any other reports from the investigator, Kent McGregor?"

At this point appellant objected.

"MR. GRISSINGER: (attorney for appellant) If the Court, please, I ask that be restricted only to reports concerning the defendant in this case."

That brought the following response from the court:

"THE COURT: Well, I'm afraid you opened this matter up in your opening statement. It will be overruled."

The evidence further establishes that appellant's cross examination of the Sheriff established the other reports did not include appellant. This destroys appellant's contention that evidence as to other investigation presumptively included appellant, to the prejudice of appellant.

█ Appellant further contends he was prejudiced by the following statement in the closing argument by the prosecution:

'Certainly we have got an on-going investigation going here in Lafayette County and if we had exposed this agent on August 30th, he wouldn't have made them . . .'

This was objected to by appellant as being remarks outside the evidence. The objection was sustained and the jury was instructed to disregard the remark. Action by the trial court was within the discretion of the trial court, and under all the circumstances, does not constitute error. *State v. Escoe*, 548 S.W.2d 568 (Mo. banc 1977).

The judgment in all respects is affirmed.