**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael GOINS, Defendant-Appellant.**

**No. 42820.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 8, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1981.

William Shaw, Public Defender, Linda R. Allan, Asst. Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Prosecuting Atty., Clayton, for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted of possessing a controlled substance. His appeal charges error in denying his motions to dismiss the indictment for prosecutorial delay and to suppress evidence obtained by an alleged illegal search and seizure. We affirm.

Under police surveillance after an informant's tip that he would be dealing in controlled substances with Bruce Mason—a known narcotics trafficker—defendant was arrested in a St. Louis County motel for possession of a controlled substance. Police were stationed in a room across the hallway from defendant and could observe those who visited him. Two men who had left defendant's room were stopped by police in the hallway. One dropped packets of heroin upon being accosted, and the other was noted to bear the "track marks" of a drug user on his arm. As Bruce Mason arrived near the appointed hour and knocked on defendant's door, police identified themselves. Mason rushed into defendant's room and unsuccessfully attempted to stop the police from entering. The police were able to follow Mason in pursuit into the room. Inside, marijuana and narcotics paraphernalia were observed in plain view. Defendant, after producing a gun and being disarmed, was searched, and a packet of heroin was found in his pocket. The defendant disclaimed any possessory interest in the hotel room, contending that it was registered in the name of a girlfriend.

■ The offense took place on May 12, 1978. The information against defendant was filed August 13, 1979. Hence, defendant's first point on appeal: that the prosecutorial pre-indictment delay jeopardized his right to due process. We find no error in this regard.

Defendant was charged with possession of a Schedule I Controlled Substance, a § 195.017, RSMo Supp. 1975, felony.[1] The statute of limitations for bringing this ac-

---

1. Defendant was also charged with carrying a concealed weapon, a § 564.610, RSMo 1969 offense, but he was acquitted of that charge.

tion is three years. § 541.200, RSMo 1969. So the indictment was filed within the limitation period. We have reviewed the record and find no prejudice to the defendant by the delay. It was not purposeful, and there was no hardship placed on defendant in the preparation of his case. No tactical advantage was sought or achieved by the delay, and the state's case was strong. Under these circumstances the trial court did not err in denying defendant's motion to dismiss the indictment. *State v. Thomas*, 529 S.W.2d 379 (Mo. 1975); *State v. Davis*, 585 S.W.2d 60 (Mo.App. 1979), and the cases cited therein.

■ Equally without merit is defendant's argument that there was an illegal search and seizure as the police had no search warrant.

Police had received a tip from a reliable informant that the defendant would be in possession of narcotics in the room in which he was found, and that Bruce Mason—a police character known for drug involvement—would be going to defendant's room to consummate a transaction. Police further ascertained that visitors leaving the room possessed substantial quantities of heroin, and at least one of the visitors bore the marks of a user; that Bruce Mason did indeed come to defendant's room near the appointed time and, when approached by police, sought to escape from them with police following in red hot pursuit; that although the police made known their identity, defendant displayed a pistol and attempted to run from them. Under these circumstances, the police had probable cause to enter the premises, arrest and search the defendant, albeit without a warrant. *State v. Wiley*, 522 S.W.2d 281 (Mo. banc 1975). The exigencies of the situation gave cause for the entry, arrest, search and seizure of the items placed in evidence. *State v. Epperson*, 571 S.W.2d 260 (Mo. banc 1978), *cert. denied*, 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979); *State v. Brandon*, 606 S.W.2d 784 (Mo.App. 1980).

Judgment affirmed.

CRIST, P. J., and SMITH, J., concur.