STATE of Missouri, Respondent,

v.

Roy E. SCOTT, Appellant.

No. 63082.

Supreme Court of Missouri,
Division No. 1.

Oct. 13, 1981.

Simon, Simon & Katz, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Michael Elbin, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Senior Judge.

Roy Scott, convicted of robbery in the first degree, § 560.120, RSMo 1969 (since repealed), appeals.

Substantial evidence adduced by the State authorized a jury finding that on August 21, 1978 appellant robbed Lee Trowbridge at gun point at her place of employment, Manor Bakery Thrift Store; that appellant made off with the store's money; that a customer observed a brown and tan van parked in the store's parking lot, and saw a man walking out of the store carrying a brown bag; that immediately after the robbery that van was seen heading west; that the police, notified and informed that a tan over brown van with two black occupants was possibly the vehicle used in the robbery, stopped a westbound van fitting that description. An officer observed appellant moving his hands down below the level of the dashboard and leaning forward in the seat. Appellant, a passenger, and another occupant of the van, the driver, were arrested. The van was searched without a warrant. A .38 caliber chrome-plated revolver was found inside the heat duct in the dashboard. A brown paper sack containing small manila envelopes marked "for bank deposit" was found in front of the passenger seat. An "inventory search" produced a money bag containing change and currency.

Appellant's defense was alibi.

Appellant's first point is that the court erred "in failing to afford the defendant a hearing on the motion to dismiss the information * * * against the clear admonition of Rule 24.04(b)4." [1] The motion prayed for dismissal because of the delay between the time the offense is alleged to have occurred and the time charges were brought against him.

The offense was committed on August 21, 1978, according to the information, which was filed nine months later, on May 22, 1979. The motion to dismiss alleged that defendant was arrested in 1978 but charges were declined and he was released when the victim of the crime identified another as the party who robbed her; that subsequently the victim positively identified defendant, whereupon charges were filed against defendant; that the lapse of time between these dates deprived defendant of due process in that defendant lost the testimony of two named persons, and "possible alibi or other defense witnesses which (sic) could offer evidence material to the Defendants whereabouts at the time, place and location of the alleged occurrence", and that due to the passage of time defendant had a lapse of memory, rendering him less able to assist counsel.

A pre-trial hearing, with an assistant prosecuting attorney and the attorney for defendant present in court, was held for the purpose of considering three preliminary motions: the motion to dismiss the information due to pre-indictment delay; a motion to suppress in-court identification, and a motion for a continuance. Counsel for defendant argued the latter two motions. The court overruled the motion to suppress and sustained the motion for a continuance. Counsel for defendant did not ask for an opportunity to present evidence on the motion to dismiss, nor did he seek to argue that motion. The record relating to that motion follows:

> hearing and determination thereof be deferred until the trial."

[1] "The motion shall be heard and determined before trial on application of the State or the Defendant, unless the Court orders that the

"THE COURT: All right. The Court has considered defendant's motion to dismiss the information due to preindictment delay; and the Court having considered said motion, the motion is, by the Court, overruled."

■ Counsel for defendant did not object to the Court's action in not affording defendant a hearing on the motion; did not request the Court to set aside or withdraw its ruling; did not ask for a rehearing, and did not apply to the Court by motion or otherwise for leave to renew the motion to dismiss. Instead, counsel for defendant stood mute in open court and submitted to the ruling without objection. Under these circumstances appellant has no cause for complaint, State v. Jones, 531 S.W.2d 67, 75 [8] (Mo.App. 1975); is held to have waived his right to present evidence or argue the motion at the hearing on the motion, Rule 24.04(b)(2),[2] Marty v. Ahl, 5 Minn. 27 (1860), and to have acquiesced in the overruling of the motion to dismiss. "[I]t cannot be admitted for a moment that under such circumstances the attorney can attend at the time and place, hear the papers all read, and the motion made, and remain silent. It was his duty, if present, to call the attention of the Court to the error and make his objection; a due regard to fairness in practice demands such a course." Marty v. Ahl, supra, 5 Minn. at 35. Compare United States v. Price, (8th Cir. 1972), 464 F.2d 1217 [5].

■ Appellant is not entitled to relief under the plain error rule. The motion to dismiss did not allege facts sufficient to show that defendant was entitled to the relief requested. If appellant had been afforded a hearing and had established everything alleged in the motion there would still have been no legal justification for dismissal. To be entitled to dismissal of an information for preindictment delay a defendant must show two things: (1) that the preindictment delay caused substantial prejudice to his right to a fair trial, and (2) "that the delay was an intentional device to gain tactical advantage over the accused." United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 465 [14], 30 L.Ed.2d 468 (1971); United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); State v. Thomas, 529 S.W.2d 379 (Mo.1975); State v. Davis, 585 S.W.2d 60 (Mo.App. 1979). Although appellant alleged loss of the testimony of two witnesses by reason of the delay, he did not allege, and did not prove, that the delay was an intentional device to gain tactical advantage over the accused.

It is clear from appellant's motion and from the record that the delay in filing the charge against appellant was an investigative delay. Appellant was arrested and a lineup was conducted within an hour or so after the robbery. Appellant and four others appeared in the lineup. The victim, present at the lineup, positively identified Roy Scott as the robber but through the mistake of one of the officers or a typist the lineup report stated inaccurately that the victim identified one Brown as the robber. On the basis of the inaccurate report the prosecutor declined to prosecute Roy Scott, who was released from custody. Later the victim again positively identified Roy Scott as the robber, whereupon he was re-arrested and an information filed charging him with the offense. Once the mistake was discovered the prosecution was commenced and proceeded without delay.

■ The pre-indictment delay in this case, due to the mix-up in reporting the name of the person actually identified was investigative in nature. " * * * [T]o prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." United States v. Lovasco, supra, 97 S.Ct. at 2051–2[9]. The prosecutor properly de-

2. " * * * Failure to present any such defense or objection as herein provided constitutes a waiver thereof, * * *."

clined to file charges against Scott on the basis of a lineup report naming Brown as the robber. Prosecutors are not required to, and should not, file criminal charges until and unless they are satisfied that the person suspected is the person who committed the crime, or before they have proof by which they can establish the identity of the criminal beyond a reasonable doubt, for all the reasons so carefully stated in *United States v. Lovasco*, supra, and reviewed at length in *State v. Davis*, supra. As in *State v. Goins* (Mo.App.1981)(Eastern District, No. 42820, decided September 8, 1981 and not yet reported), the delay "was not purposeful, and there was no hardship placed on defendant in the preparation of his case. No tactical advantage was sought or achieved by the delay, and the state's case was strong. Under these circumstances the trial court did not err in denying defendant's motion to dismiss the [information]."

Appellant's next point is that he was not granted allocution. This point is without merit. On the face of the record, which imports verity, it is clear that in fact allocution was granted. The minutes of the trial judge, Hon. William J. Peters, dated June 9, 1980, recite: "Defendant is granted allocution * * *". The judgment entry of June 9, 1980 recites:

"Now said defendant being asked by the Court if he has any legal cause to show why sentence should not be pronounced against him in accordance with said verdict, and said defendant having nothing further to say and showing no legal cause why sentence should not be pronounced and judgment rendered against him according to the law upon the verdict of the jury heretofore had herein."

 If allocution had not been granted appellant's rights in this respect would nevertheless have been safeguarded and the object and purpose of allocution served by reason of the fact that appellant filed a motion for new trial, which the record shows was considered and ruled upon by the trial Court and in which appellant had an opportunity to state, and did state, why sentence should not be pronounced and judgment rendered against him. Where a defendant has been heard on his motion for new trial failure to grant allocution does not invalidate the judgment or sentence. Rule 29.07(b)(1); *State v. Drake*, 298 S.W.2d 374, 378 [11] (Mo.1957); *Bolden v. State*, 501 S.W.2d 565, 566 (Mo.App. 1973). At the time the Court ruled on the motion for new trial the assistant prosecuting attorney and counsel for the defendant were present in open court. The Court asked if there were any additions or corrections to the pre-sentence report. Defendant's attorney said there were none. The record follows:

"THE COURT: Well, for the record, the Court has considered defendant's motion for new trial, and said motion is, by the Court, overruled."

The Court then proceeded to sentence the defendant. The record does not indicate that appellant's counsel requested an evidentiary hearing or an opportunity to present oral argument on the motion for new trial. Counsel for defendant submitted to the ex parte ruling without comment or complaint. In order to convict the trial court of error in failing to "hear" a motion for new trial the defendant is obliged to request a hearing. *State v. Jones*, supra. Appellant was "heard" on his motion for new trial within the meaning and intent of Rule 29.07(b)(1) in view of the fact that the record shows that the motion was considered and acted upon, and that counsel for appellant was present at the time and place and remained silent.

 Appellant's last point is that the Court erred in admitting into evidence the gun and money bag because this evidence was produced as a result of an illegal search and seizure, made without a warrant. This point is disallowed because appellant lacked standing to challenge the search and seizure. He neither asserted nor showed that

he had a property or possessory interest in the van or an interest in the items seized— he was merely a passenger. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *State v. Arnold,* 566 S.W.2d 185 (Mo.banc 1978).

The judgment is affirmed.

MORGAN, P. J., RENDLEN, J., and WELBORN, Senior Judge, concur.

BARDGETT, J. concurs in separate concurring opinion filed.

BARDGETT, Judge, concurring.

With all due respect, I concur in overruling appellant's point one because a hearing *was* afforded, majority op. 916, and in overruling point two because allocution *was* granted, majority op. 918, and in the disposition of point three and the result.