**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Richard Lee PALMER,
Defendant-Appellant.**

**No. 14650.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 4, 1987.

Motion for Rehearing or to Transfer
Denied March 18, 1987.

Janet M. Thompson, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant guilty of selling marijuana and he was sentenced to five years' imprisonment. Defendant appeals.

Defendant's first point is that the trial court erred in not dismissing the action because there was a 14–month delay between the date of the offense and the date of defendant's arrest on the charge, thereby depriving defendant of due process in that the delay "destroyed his ability to reconstruct the events of the day in question, to gather evidence and witnesses to controvert the state's position and to establish his defense to the charge."

The offense occurred on December 28, 1983. On February 15, 1985, defendant was arrested. Thereafter a preliminary hearing was held and the information was filed.

■ The applicable statute of limitations, which in this case is three years, § 556.-036.2(1), RSMo 1986, is "the primary guarantee against bringing overly stale criminal charges." *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (1971). Defendant's rights under the Sixth Amendment, and particularly with respect to speedy trial, are not involved here. "[T]he time for purposes of speedy trial under the Sixth Amendment begins to run from the time of the indictment or information or an arrest, whichever occurs first." *State v. Holmes,* 643 S.W.2d 282, 285[3] (Mo.App.1982).

■ Defendant's complaint of delay is based on the 14–months elapsing between date of offense and date of arrest. The information was filed later. Thus the challenged delay occurred "in the pre-accusatory stage" and defendant "is relegated to the protections afforded by the statutes of limitation and the Due Process Clause of the Fifth Amendment which in their operation are substantially more restricted than the Sixth Amendment protection." *State v. Holmes,* supra, at 285. See also *State v. Robinson,* 696 S.W.2d 826, 830[1] (Mo.App. 1985).

"The Due Process Clause requires dismissal of defendant's case if he shows at trial that pre-indictment delay caused substantial prejudice to his right to a fair trial *and* that the delay was an intentional device to gain tactical advantage over the accused. *United States v. Marion* [404 U.S.] at 324, 92 S.Ct. at 465; *State v. Scott,* 621 S.W.2d 915, 917 (Mo.1981); *State v. Waselewski,* 674 S.W.2d 177, 178–79 (Mo. App.1984)." *State v. Robinson,* 696 S.W.2d 826, 830[3–5] (Mo.App.1985). (Emphasis in original.)

■ Although defendant's motion to dismiss alleged that the 14–month delay caused him substantial prejudice, he adduced no evidence in support of that motion. In any event, the motion neither alleged, nor did defendant show, that the delay "was an intentional device to gain tactical advantage" over him. It follows that the trial court did not err in denying the motion to dismiss. Defendant's first point has no merit.

■ Defendant's second point is that the trial court erred in denying a request for disclosure made by defense counsel. Neither the request for disclosure nor the ruling thereon is contained in the record on appeal. Defendant's second point has not been preserved for appellate review. *State v. Jones,* 594 S.W.2d 932, 935[5] (Mo.1980); Rule 30.04(a) V.A.M.R.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.