STATE of Missouri, Respondent,

v.

Arthur LEE, Appellant.

No. 62240.

Missouri Court of Appeals,
Eastern District,
Division One.

June 29, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 18, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Theodore F. Schwartz, Bernard Edelman, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted of two counts of selling a controlled substance, cocaine, and sentenced to two concurrent 15–year sentences. He appeals asserting error based on the trial court's failure to dismiss his indictment because of pre-indictment delay and based on the giving of certain jury instructions. Reversed and remanded.

Officer Darryl Relerford (Officer) was working as an undercover police officer investigating drug offenses. He made an agreement with an individual, Domingo, for that individual to act as a confidential informant. Officer told Domingo there was a "great possibility he would never have to testify" and that he would try not to use his name. Officer's first contact with Domingo was in early July, 1988, when Domingo took him to Defendant's house. On July 13, July 22, and July 29, 1988, Defendant sold cocaine to Officer at Defendant's house in Domingo's presence.

On October 30, 1989, a warrant was issued for Defendant's arrest. He was arrested on November 2, 1989, and indicted on November 23, 1989. He asserts the trial court erred in failing to dismiss the information in lieu of indictment because the delay between the criminal acts and Defendant's arrest violated the due process clause of the Fourteenth Amendment as well as the guarantees of effective assistance of counsel of the Sixth Amendment and Article I, Section 18(a) of the Missouri Constitution.

"If a delay occurs in the pre-accusation stage, the defendant must look to the protections afforded by the statutes of limitation and by the Fifth Amendment's Due Process Clause." *State v. Robinson*, 696 S.W.2d 826, 830[1] (Mo.App.1985). The Due Process Clause requires dismissal of Defendant's case if he shows at trial (1) the pre-indictment delay caused substantial prejudice to his right to a fair trial, and (2) the delay was an intentional device to gain

tactical advantage over the accused. *State v. Scott,* 621 S.W.2d 915, 917[3] (Mo.1981), *citing United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 2051–2052[9], 52 L.Ed.2d 752 (1977); *State v. Robinson,* 696 S.W.2d 826, 830[3] (Mo.App.1985), *citing United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 465[16], 30 L.Ed.2d 468 (1971); *See United States v. Gouveia,* 467 U.S. 180, 192, 104 S.Ct. 2292, 2299[6] (1984).

■ Our review of the trial court's determination of these facts is limited to whether its findings are clearly erroneous. *See State v. Franks,* 793 S.W.2d 543, 546[4] (Mo.App.1990).

At the hearing on the motion to dismiss, Officer gave several reasons for not arresting Defendant immediately after the drug sales. He stated that initially the government's goal was to establish a pattern of selling. At some point, the investigation turned to finding Defendant's supplier. Officer also stated: "Due to the other investigation we were working with several other Dominican cases which [Defendant] was involved in and we thought that if we made an early arrest, it might not only endanger the confidential informant, it would probably endanger the case, the case that we were working with the other Dominicans." In addition, he stated that in 1989 Immigration officials told him to "hold off" on Defendant until they finished their investigation of several illegal aliens Defendant employed.

Officer said Domingo had started living with Defendant some time after the drug sales. He also stated that the timing of Defendant's arrest was related to the fact that Domingo had left Defendant's house by then. Officer stated he had no knowledge of Domingo's present whereabouts and said he had not had contact with him since the beginning of 1989. Before Defendant was arrested, Domingo had told Officer he wanted to leave St. Louis.

One of Defendant's attorneys stated that after a diligent search, he was unable to locate Domingo. He also testified his investigation revealed other people lived in Defendant's home at various times, and that Officer's description of Defendant in his deposition did not match Defendant very well. He stated Domingo was a critical witness because he had been present during the sales.

■ We need not determine whether the disappearance of the confidential informant was caused by the pre-indictment delay or whether it substantially prejudiced Defendant's right to a fair trial. The record contains substantial evidence the State delayed Defendant's arrest in order to protect the identity of its confidential informant and avoid jeopardizing other related investigations, rather than to gain a tactical advantage, and thus, this finding was not clearly erroneous. These are legitimate reasons for delay. *Accord State v. Dunning,* 762 S.W.2d 142, 144[4] (Tenn. App.1988) (no intention to gain a tactical advantage where the state's primary motivation was to protect the identity of undercover officers and delay was not a "deliberate, purposeful, and oppressive design"); *United States v. Johnson,* 802 F.2d 833, 836[2] (5th Cir.1986) (protection of the identity of undercover officers and the success of ongoing undercover operations refutes the assertion the delay was an attempt by the government to gain a tactical advantage).

Defendant urges we re-examine Defendant's burden of showing an intentional delay to gain a tactical advantage. He states "if a defendant is required (as the law seems to say) to prove intent on the part of the police and prosecutors other than the mere doing of the act, then in that event, the burden is almost impossible for a defendant to establish."

Not all jurisdictions interpret *Lovasco* as requiring a defendant to show an intentional delay to gain a tactical advantage. Rather, once a defendant establishes actual prejudice, the government has the burden of showing the delay, when balanced against the actual prejudice, was not unjustifiable. *See United States v. Sample,* 565 F.Supp. 1166, 1175, 1182–83[10–11] (D.Va.1983) and cases cited therein. *See also State v. Luck,* 15 Ohio St.3d 150, 472 N.E.2d 1097, 1105[9] (1984) (due process

violation from pre-indictment delay may be shown by actual prejudice plus the government's unjustifiable error in judgment).

■ Under our Missouri Supreme Court's interpretation of *Lovasco*, Defendant was required to show actual, substantial prejudice to his right to a fair trial, along with the government's intentional delay to gain a tactical advantage. *State v. Scott*, 621 S.W.2d 915, 917[4] (Mo.1981); *State v. Griffin*, 818 S.W.2d 278, 280[1] (Mo. banc 1993). Since Defendant failed to show the delay was motivated by an improper purpose, there was no error. Point denied.

Defendant next argues the trial court erred in giving verdict-directing instructions based on MAI–CR3d 325.04.1 because the instruction was applicable to crimes committed after August 28, 1989; Defendant was charged with selling cocaine in July of 1988. He contends the instruction was an incorrect statement of the law in that it allowed the jury to find Defendant guilty if he knew or consciously disregarded a substantial and unjustifiable risk that the substance he sold was cocaine. Defendant contends MAI–CR3d 332.06 was the applicable instruction. MAI–CR3d 332.06 would have required the State to prove Defendant knew the substance he sold was cocaine.

Defendant was charged with selling cocaine on July 13, 1988; July 22, 1988; and July 29, 1988, in violation of § 195.020, RSMo (1986) (repealed). The State concedes MAI–CR3d 332.06 (withdrawn) was the applicable instruction for violations of § 195.020 when Defendant allegedly sold cocaine.

In 1989, § 195.020 was repealed and § 195.211 was enacted. MAI–CR3d 325.04 was implemented on September 1, 1990. The Notes on Use state:

    1. Section 195.211, RSMo Supp.1989. This is new. It should be used for drug offenses committed on or after August 28, 1989.

"Whenever there is an MAI–CR instruction or verdict form applicable under the law and Notes On Use, the MAI–CR in-struction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." Rule 28.02(c). The giving or failure to give an instruction or verdict form applicable shall constitute error, its prejudicial effect to be judicially determined. Rule 28.02(f).

■ The submission of MAI–CR3d 325.-04.1 instead of 332.06 lowered the State's burden by requiring it to prove Defendant recklessly sold cocaine, instead of knowingly sold cocaine. Thus, the submission of MAI–CR3d 325.04.1 was prejudicial error. *See State v. Krause*, 682 S.W.2d 55, 56[4] (Mo.App.1984) (failure to include a mental state element in a verdict director when knowledge was an essential element of the crime was reversible error).

The State asserts Defendant was not prejudiced because MAI–CR3d 325.04.1 accurately reflected the law at the time of the alleged offenses. Section 195.020 did not prescribe a mental state for the offense of selling a controlled substance. Under § 562.021.2, RSMo 1986, the required mental state is "purposely or knowingly or recklessly." *See State v. Green*, 629 S.W.2d 326, 328–29[1] (Mo. banc 1982).

■ MAI–CR3d 325.04.1 appears to contain the correct mental state for a violation of § 195.020. However, MAI–CR3d 332.06 was the applicable instruction. *State v. Olds*, 831 S.W.2d 713, 721 (Mo.App.1992). Defendant was prejudiced by the failure to submit the applicable instruction which required the State to prove Defendant knowingly sold cocaine.

Reversed and remanded.

AHRENS, P.J., and REINHARD, J., concur.