**STATE of Missouri,
Plaintiff/Respondent,**

**v.**

**Jimmie BLUE, Defendant/Appellant.**

**No. 74090.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 4, 1999.

Stephen C. Wilson, Cape Girardeau, for appellant.

Before JAMES A. PUDLOWSKI, P.J., WILLIAM H. CRANDALL Jr., J., and CLIFFORD H. AHRENS, J.

## PER CURIAM.

Defendant was charged by information with one count of furnishing pornographic materials to a minor, section 573.040, RSMo 1994, and one count of attempt to commit statutory sodomy in the first degree, section 566.062, RSMo 1994. After a trial by jury, defendant was found guilty only of the class A misdemeanor of furnishing pornographic materials to a minor and sentenced to a term of 180 days in jail. Defendant appeals from the judgment on his conviction. We reverse and remand.

Viewed in a light most favorable to the verdict, the evidence adduced at trial supported finding the following facts. On or about February 17, 1997, the prosecuting witness, age twelve at the time of the events, came home from school to find defendant present in his house. Defendant, victim's cousin, was to "baby-sit" victim while his parents were out of town. After finishing his homework, victim asked defendant about two movies on the video

cassette recorder. Victim noticed the movies because his brother had previously removed from the house all videocassettes owned by his family. Defendant played two videocassettes for victim over the course of the evening. These movies graphically depicted sexual intercourse, oral copulation and masturbation.

On appeal, defendant alleges that the trial court erred in submitting the verdict directing instruction on the count of furnishing pornographic materials to a minor. Although the state failed to favor us with a brief on appeal, a review of the record reveals that this claim is meritorious.

■■■ To support a conviction, a verdict directing instruction must require a finding of all the facts necessary to constitute an offense. *State v. Richards*, 795 S.W.2d 428, 433 (Mo.App.1990). A faulty instruction is grounds for reversal if the defendant suffers prejudice. *State v. Carson*, 941 S.W.2d 518, 523 (Mo. banc 1997).

A person commits the crime of furnishing pornographic materials to minors "if, knowing its content and character, he: (1)[f]urnishes any material pornographic for minors, knowing that the person to whom it is furnished is a minor or acting in reckless disregard of the likelihood that such person is a minor[.]" Section 573.040.1. In the instant case, the trial court submitted to the jury verdict-directing instruction number eight over the objection of defense counsel. Under this instruction, which followed MAI–Cr 3d 327.08, "pornographic for minors" was defined as "material which is a visual reproduction of a live event and which is primarily devoted to nudity, sexual conduct, sexual excitement or sadomasochistic abuse." The Notes on Use for MAI–Cr 3d 327.08 indicate the definition was taken from section 573.010(10), RSMo 1986. This definition predates the 1987 amendment to section 573.010 which rewrote the definition of "pornographic for minors", and thus, changed the elements of the crime. Section 573.010, as amended, provides that:

any material or performance is pornographic for minors if the following apply:

(a) [t]he average person, applying contemporary community standards, would find that the material or performance, taken as a whole, has a tendency to cater or appeal to a prurient interest of minors; and

(b) [t]he material or performance depicts or describes nudity, sexual conduct, sexual excitement, or sadomasochistic abuse in a way which is patently offensive to the average person applying contemporary adult community standards with respect to what is suitable for minors; and

(c) [t]he material or performance, taken as a whole, lacks serious literary, artistic, political, or scientific value for minors[.]

Section 573.010(10), RSMo 1994.

The trial court noted on the record the conflict between MAI–Cr 3d 327.08 and section 573.010(10). "Whenever there is an MAI–C[r] instruction or verdict form applicable under the law and Notes On Use, the MAI–C[r] instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." Rule 28.02(c). Therefore, MAI–Cr 3d 327.08 was presumptively valid. *State v. Ervin*, 979 S.W.2d 149, 158 (Mo. banc 1998).

■■■ However, we find this case is controlled by our recent decision in *State v. Strughold*, 973 S.W.2d 876 (Mo.App. 1998). If an instruction following MAI–Cr 3d conflicts with the substantive law, any court should decline to follow MAI–Cr 3d or its Notes on Use. *Carson*, 941 S.W.2d at 520. Here, as in *Strughold*,

[t]he trial court should have adapted instruction[ number eight] to replace the 1986 definition of "pornographic for minors" with the three-part definition corresponding to the statute under which defendant was charged. The jury lacked the proper definition and did not

have to consider or find all the facts necessary to constitute the offense charged. The error lessened the state's burden of proof to the detriment and prejudice of defendant. *State v. Lee,* 859 S.W.2d 768 (Mo.App.1993).

*Strughold,* 973 S.W.2d at 884.

The judgment convicting defendant of the offense of furnishing pornographic materials to a minor is reversed and remanded for a new trial with directions to submit jury instructions which correctly parallel the statutory definition of "pornographic for minors" set out in section 573.010, RSMo 1994.